R. H. PEARSON, Respondent, *v.* ANDREW SNODGRASS, Appellant.

An exception to the admissibility of a deed in evidence, must be taken on the trial of the cause, at *nisi prius.* The point cannot be considered on appeal.

Where the plaintiff's case does not depend alone on the evidence mentioned in an instruction requested by the defendant, it is proper to refuse it.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The opinion of the Court contains the facts.

*L. Sanders, Jr.*, and *Smith & Hardy*, for Appellant.

Cited, Elwell *v.* Shaw, 46 Mass., 42. Robinson *v.* Mauldin, 11 Ala., 977. Evans *v.* Wells, 22 Wend., 325. Hefuman *v.* Adams, 7 Watts, 116. Lessee of Clarke *v.* Courtney, 5 Pet., 320. Parmers *v.* Respass, 5 Mon., 562. Bellas *v.* Hays, 5 Serg. & R., 427. Lessee of Hatch *v.* Barr, 1 Ham., 390. Townsend *v.* Hubbard, 4 Hill, 351. 1 Am. Ld. Cases, 579. Colton *v.* McKay, 1 Marsh., 251. Jackson *v.* Bryan, 1 Johns., 322. Jackson *v.* Wheeler, 6 Ib., 272.

*Winans & Hyer*, for Respondent.

No brief on file.

TERRY, J., delivered the opinion of the Court. HEYDENFELDT, J., and MURRAY, C. J., concurred.

This is an action of ejectment, in which respondent, who is plaintiff, below recovered judgment for restitution of a lot in Sacramento.

The appellant relies upon two points: First—the Court erred in admitting as evidence to the jury, a certain power of attorney from J. A. Sutter to A. C. Peachy, and also a deed from said attorney to Frederick Billings. It does not appear that an exception to the admissibility of the deeds referred to, was taken on the trial of the cause. The point cannot, therefore, be considered on appeal.

Second—the Court erred in refusing to give the following instruction: "If there is a reasonable uncertainty, as to whether the power of attorney introduced by plaintiff, includes this identical lot, defendant should have a verdict." From the record, it appears that evidence was submitted, tending to establish a tenancy in the defendant. The plaintiff's case, not depending alone on the evidence mentioned in the instruction, it was properly refused.

The judgment is affirmed, with costs.