[S. F. No. 15042. In Bank.—May 28, 1934.]

R. A. BURLINGAME, Respondent, v. JUSTICE'S COURT OF THE CITY OF BERKELEY, COUNTY OF ALAMEDA, et al., Appellants.

Nathan G. Gray for Appellants.

John F. O'Sullivan for Respondent.

SHENK, J.—This is an appeal from a judgment of the superior court in a *certiorari* proceeding annulling an order of the justice's court. The matter was submitted to the court on a demurrer to the petition. The effect of the demurrer was to adopt as the return to the writ the facts alleged in the petition. (*Stoner* v. *City Council of Los Angeles*, 8 Cal. App. 607 [97 Pac. 692].) The facts set forth in the petition are therefore uncontroverted and are as follows: Charles Kaufman commenced an action to recover rent in the Justice's Court of the City of Berkeley (having a population of more than 30,000), naming O. A. Burlingame and Mrs. O. A. Burlingame, father and mother of the petitioner, R. A. Burlingame, as defendants. The affidavit of service showed that a copy of the summons and complaint had been served on O. A. Burlingame. He failed to appear, his default was entered and the court rendered judgment against him for $251 and costs, which was the amount sought to be recovered. A copy of the summons and complaint was also handed to R. A. Burlingame, the son, who made no appearance and no return of service of summons upon him appears to have been made. Seventy-eight days after the entry of the judgment the plaintiff in said action served on R. A. Burlingame a notice of motion for an order substituting him as the judgment debtor in said action. The motion was granted. An order was made substituting R. A. Burlingame as the judgment debtor in said judgment and an execution against him was threatened. No appeal from the order was taken or attempted. There-

after, R. A. Burlingame filed his petition in the superior court to have the order of substitution annulled on the ground that the justice's court had exceeded its jurisdiction, and that the order was void. The superior court entered judgment annulling the order, hence this appeal.

It further appears from the petition that R. A. Burlingame was not named as a party to said action; that O. A. Burlingame, the father, was sought by the plaintiff to be sued in said action, and that R. A. Burlingame was in no way interested therein.

The appellant concedes that the justice's court was without jurisdiction "to make an order substituting R. A. Burlingame as the judgment debtor in the place and stead of O. A. Burlingame, the judgment debtor named in said judgment", but insists that what the justice's court really did was to make an order "correcting the record so as to make it speak the truth", and that therefore the order was valid.

The answer to the appellant's position is that it was alleged in the petition and is therefore admitted that the order of substitution was one substituting R. A. Burlingame "as the judgment debtor in the place and stead of the defendant in said action, O. A. Burlingame, the father of your petitioner". The appellant is bound by that allegation and the order must be deemed void. This is not an action where R. A. Burlingame was sued under a false or fictitious name or has been sued by an inaccurate designation of his own name; but it is an action wherein he was never sued at all, was not sought to be sued and no attempt was made to bring him into the case until long after the entry of the judgment, which, so far as the record discloses, has never been set aside.

The appellant contends that, even if the order be void, the facts stated in the petition are insufficient to afford relief in *certiorari*. To justify the issuance of the writ three conditions must concur: 1. An excess of jurisdiction in an inferior tribunal; 2. No right of appeal; and 3. No other plain, speedy and adequate remedy. If any one of these essentials be lacking the writ will not lie. (*Noble* v. *Superior Court,* 109 Cal. 523 [42 Pac. 155]; *Postel etc. Co.* v. *Superior Court,* 22 Cal. App. 770 [136 Pac. 538]; sec. 1068, Code Civ. Proc.) Also, under section 1069 of the

Code of Civil Procedure the application must be made on the verified petition of a party beneficially interested.

The first essential, namely, excess of jurisdiction to make the order, is present. Next,. had the respondent a right of appeal? If he had, it would be on the theory that the order complained of was a special order made after final judgment as contemplated by section 983 of the Code of Civil Procedure and that the petitioner was a party to the action. Assuming that the order was such a special order the petitioner was not a party to the action. In order that he be made a party to the action it was necessary that he be sued or be intended to be sued, as disclosed by the record, and generally that jurisdiction of his person be acquired pursuant to the issuance of process as provided in section 416 of the Code of Civil Procedure. He was not thus or otherwise made a party to the action and was not entitled to appeal under section 983 of the Code of Civil Procedure, as the same was in effect at the time in question, for as that section then read only a party to the action could appeal. The rule is different under the amendment of the section in 1933, and on appeals from the superior court under section 938 of the Code of Civil Procedure, where a party aggrieved may make himself a party to the record and he entitled to appeal even though he may not be a party to the action. When he has the opportunity thus to become a party to the record and then take an appeal from an adverse ruling, he must pursue that remedy; failing to do so he is not entitled to a writ of review. (*Elliott* v. *Superior Court*, 144 Cal. 509 [77 Pac. 1109, 103 Am. St. Rep. 102]; *Tattenham* v. *Superior Court*, 155 Cal. 205 [100 Pac. 248].) But here, under the old section 983, merely being a party to the record would not entitle the petitioner herein to an appeal. He must therefore be deemed to be without the right of appeal, for the reason that he is not a party to the action.

It does not appear that the petitioner had a plain, speedy and adequate remedy. The superior court, pursuant to said section 1068, concluded that he had none and we perceive no abuse of discretion in that regard.

The appellant further contends that if the respondent had no right of appeal he is not a "party beneficially interested" as contemplated by section 1069 of the Code of

Civil Procedure, and is therefore not entitled to the writ. It is claimed that the word "party" is used in the same sense in both sections 983 and 1069. The argument is that if the word "party" as employed in section 983 means a party to the action, the use of the same word in section 1069 is in the same sense. That this is not necessarily so is commented on in *Elliott* v. *Superior Court, supra,* where it is pointed out that the use of the words "party beneficially interested" in section 1086 of the Code of Civil Procedure does not mean that one entitled to the writ of mandate must be a party to an action or some other judicial proceeding before he can be so entitled. We think the same reasoning should apply to the language employed in section 1069, where the judgment *inter partes* is not sought to be reviewed. A person directly and prejudicially affected by an order such as we have on the record before us should be entitled to the writ. He is in effect a party to a collateral proceeding by which it is sought to seize his property for the satisfaction of a debt under a judgment to which he is not lawfully a party. The rule applicable here is stated in a Montana case where the language of the statute is the same as our own. The court in that case said:

"The writ of review will issue only at the instance of a 'party beneficially interested' (sec. 9838, Rev. Codes 1921), but this does not require that the applicant be a party to the action or proceeding in which it is alleged the court acted without jurisdiction. 'The true rule deducible from the authorities is this: In the exercise of its discretionary authority a court . . . upon the application of any party to a judicial proceeding, or person interested in a proceeding . . . because of some special or peculiar injury to himself in person or property . . . may grant the use of its writ of *certiorari* to review the same for jurisdictional error.' (*State* v. *Chittenden,* 127 Wis. 468 [107 N. W. 500, 509]; *Clary* v. *Hoagland,* 5 Cal. 478; *People* v. *Andrews,* 52 N. Y. 445; *State* v. *Rose,* 4 N. D. 319 [58 N. W. 514].)" (*State* v. *District Court,* 93 Mont. 439 [19 Pac. (2d) 220, 222].)

The judgment is affirmed.

Waste, C. J., Langdon, J., and Tyler, J., *pro tem.,* concurred.