[Civ. No. 47956. First Dist., Div. Three. Feb. 20, 1980.]

CALIFORNIA-HAWAII DEVELOPMENT, INC., Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; THEODORE O. SCHAAL et al., Real Parties in Interest.

COUNSEL

Eshoo, Scott & Solomon and Richard S. Stone for Petitioner.

No appearance for Respondent.

John M. Ottoboni and Ruffo, Ferrari & McNeil for Real Parties in Interest.

OPINION

TAKEI, J.*—This petition challenges a trial court ruling expunging lis pendens. The alternative writ was issued October 31, 1979.

Petitioner, a corporation, purchased one lot from Theodore O. Schaal and Helen A. Schaal, real parties in interest, and had an option to purchase a second lot sometime in 1974. The corporation intended to develop a mobile home park on both properties. Petitioner obtained a construction loan from Bayview Federal Savings and had a purchase money loan from the Schaals which was junior to the construction loan. Petitioner defaulted on the construction loan during the first half of 1975, and when notice of default issued, the Schaals declared a default on their loan as well. The Schaals thereafter held a foreclosure sale at which they repurchased the property (the first lot only—sometimes re-

---

*Assigned by the Chairperson of the Judicial Council.

ferred to as the "developed property"; the option was never exercised on the second lot, referred to as the "undeveloped" property). Petitioner has now sued Bayview, the Schaals and others, claiming improper acts related to declaration of default and pertaining to the foreclosure sale. Petitioner seeks damages and/or a rescission of the foreclosure sale to the Schaals.

Lis pendens was filed on both properties. As to the second lot it was expunged on the ground that there had never been a foreclosure as to that property. Though the petition seems to contest that expungement, as well as the expungement on the first lot, it is untimely as to the second lot. Expungement on the second lot took place on August 7, 1979, notice of expungement was served by mail August 10, and the petition was filed October 9, 1979, beyond the 20-day requirement after service of written notice (Code Civ. Proc., § 409.4).

The Schaals sought summary judgment on the cause of action for rescission (the 14th cause of action). They claimed that the cause of action was barred by res judicata based upon a federal bankruptcy court ruling concerning the property. On August 7, 1979, the trial court granted partial summary judgment on the 14th cause of action. Thereafter, on motion of the Schaals, the court expunged lis pendens on the first lot. Petitioner challenges this ruling.

Petitioner argues that expungement was premature. Since the trial court granted only partial summary judgment, a ruling which is not even presently appealable, petitioner argues that its action affecting property is still "pending" within the meaning of lis pendens statutes.

In the trial court, the real parties in interest had argued: "Should the court grant defendants' Motion for Summary Judgment and find that plaintiffs were barred by the doctrine of res judicata from relitigating the validity of the trustee sale in the present action, *the title or possession to the developed real property would no longer be in issue.*" (Italics added.) The trial court apparently accepted that argument, because its "Order Expunging Lis Pendens" specifically states that the court found lis pendens should be expunged "on the grounds that upon the Court's granting of defendants Schaals' Motion for Summary Judgment on the Fourteenth Cause of Action, *the title or possession to the real property . . . is no longer in issue.*" (Italics added.) The only reasonable interpretation of the language in the order is that the court concluded that because summary judgment was granted, there was no

longer an action affecting title or possession "pending" before the court. Title or possession would no longer be "in issue" only if the 14th cause of action were no longer "pending."

Code of Civil Procedure section 409 provides that a person has a right to file lis pendens in any "action concerning real property or affecting the title or the right of possession of real property." The filing of lis pendens gives constructive notice of the pendency of the action. ■ The appellate courts have concluded that an action is still "pending" within the meaning of the expungement statutes when an appeal is pending (see *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377 [88 Cal.Rptr. 551]; *Howden-Goetzl* v. *Superior Court* (1970) 7 Cal.App.3d 135 [86 Cal.Rptr. 326]). A fortiori an action is still "pending" when partial summary judgment has been granted and the losing party is not yet even able to appeal the ruling.

Code of Civil Procedure section 409.1, which provides for the expunging of lis pendens, states in part: "At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that: (a) The action does affect title to or right of possession of the real property described in the notice; and (b) Insofar as the action affects title to or right of possession of the real property described in the notice, the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith." The trial court's ruling is clearly in conflict with the above cited cases which hold that the action is still "pending" during appeal. The grant of summary judgment constituted only a trial court resolution of the merits, not a final determination of the issue. Referring back to Code of Civil Procedure section 409.1, since the 14th cause of action did and still does "affect title to or right of possession of the real property," the plaintiff needed to show only that he had "commenced or prosecuted the action for a proper purpose and in good faith." Because of its erroneous ruling on "pendency," the trial court never decided the question of good faith. We will therefore issue the writ of mandate to vacate the trial court order expunging lis pendens. In the remaining portion of this opinion we undertake to explain the nature of the inquiry the trial court should have made into the question of good faith.

In considering the general application of section 409.1, the critical inquiry has been whether the party filing the lis pendens "has commenced or prosecuted the action for a proper purpose and in good faith." On the face of the statute a plaintiff can retain his lis pendens by proving *either* that he commenced the action in good faith *or* that he has prosecuted it in good faith. Thus, an action commenced in good faith could be prosecuted, appealed, delayed, etc., in bad faith and without proper purpose and under the plain wording of the statute the plaintiff could maintain his lis pendens throughout. ■ The following analysis compels us to conclude the proper application of this statute requires that a distinction be made depending upon whether the motion to expunge it is heard before or after a finding on the merits.

Soon after the filing of a lawsuit, it seems clear that the proper inquiry by the trial court (after determining that the action affects title or right of possession of real property) is into the recording party's motives for commencing the action. If his motives are proper, the validity of his lawsuit is of little present concern. (But see *Nash* v. *Superior Court* (1978) 86 Cal.App.3d 690 [150 Cal.Rptr. 394], where the appellate court's main focus was upon the merits of the claim, not upon the plaintiff's good or bad faith in asserting it. Jefferson, J., in dissent, criticized the majority for examining the merits rather than looking for evidence of bad faith.) Once the trial court has decided the merits of the case, however, should the standards for expunging lis pendens be the same?

The decision which comes closest to addressing the issue is the opinion by Kaufman, J., in *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377 [88 Cal.Rptr. 551]. There the trial court expunged after appeal had been filed from judgment on the merits for defendants. The appellate court extensively analyzed the affidavits and documents submitted in connection with the motion to expunge and concluded that the defendant had not presented sufficient evidence that plaintiff had brought the action in bad faith. The court's entire concentration was upon the plaintiff's knowledge and intention when filing the suit, giving no attention to whether the appeal itself was being prosecuted in good faith. In a footnote, the court stated: "We do not determine whether or to what extent the *evidence* received at trial might be considered if the motion to expunge were heard by the judge who presided at the trial." (9 Cal.App.3d at p. 394, fn. 11.) By failing to consider what occurred at trial, the *United Professional Planning, Inc.* court inferentially concluded that only the plaintiff's original inten-

tion in filing the lawsuit was important, not the plaintiff's motives in appealing from an adverse judgment.

Always considering only the party's intentions at the time of commencement of suit would lead to the absurd result that a plaintiff originally acting in good faith could maintain lis pendens throughout protracted proceedings even if he learned facts or law which conclusively revealed that he had no good cause of action. This absurd result can be avoided by reading the statute as requiring a plaintiff defending against a later expungement motion to justify his *present* "prosecution" of further proceedings. In effect, the statute would be read as stating that the person having filed the lis pendens must prove to the court that "the party recording the notice has commenced [if just commenced] or prosecuted [to the present stage if beyond commencement] the action for a proper purpose and in good faith." The Legislature clearly must have intended such a reasonable reading of the statute rather than the absurd reading the plain language suggests. "It is elementary that when possible a statute should be construed to reach a result that is reasonable; that a construction which will lead to absurd, unfair and unjust consequences should not be given if it can be avoided...." (*Estate of Jacobs* (1950) 100 Cal.App.2d 452, 458-459 [223 P.2d 898].)

In accordance with the foregoing discussion, it would appear that the statute should be read as requiring the person having recorded notice of lis pendens and having lost at the trial court level to show by a preponderance of the evidence that any further review he seeks is "prosecuted...for a proper purpose and in good faith." The inquiry would be similar to that involved in determining whether an appeal is frivolous (see generally 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 475, p. 4430), but would focus more upon the party's intent than upon the strength of the case on appeal. However, certainly one element of determining the party's reasons for filing an appeal is examination of the questions raised by the appeal.

At the pretrial stage it is difficult for a trial court to examine the merits, no proof having been submitted. Thus, the validity or lack thereof cannot play a large role in a determination of whether the action has been filed for a proper purpose. At the appeal stage (or after partial summary judgment) it is easier for the trial court and the appellate court to look to the merits in determining whether any further proceedings would be prosecuted in good faith. Thus, we conclude that the merits of the trial court ruling should play an important role in de-

termining whether a lis pendens should be expunged at that stage. If there is almost no likelihood that the party filing the lis pendens will upset the trial court ruling, the owner of the property should not be burdened by the lis pendens during potentially drawn out appeals proceedings (in which the party filing the notice would have incentive to cause delay, particularly if the appeal were nonmeritorious).

Since the trial court expunged lis pendens under the erroenous view that after granting partial judgment title and right to possession were no longer in issue and did not consider the good or bad faith of plaintiff, the peremptory writ should issue, vacating the order expunging lis pendens. The court will be permitted to reconsider the motion. When reconsidering the motion, the court should focus the inquiry upon whether any action petitioner might take to seek review of the partial summary judgment issue would be taken in bad faith or with an improper purpose. In order to assess the purpose of petitioner, the court may consider, among other factors, the probability petitioner will be successful in its challenge to the partial summary judgment ruling.*

Let a peremptory writ of mandate issue compelling respondent court to set aside its order filed September 11, 1979, in this action expunging lis pendens on the developed property.

White, P. J., and Scott, J., concurred.

---

*We decline petitioner's invitation to address the merits of the summary judgment ruling. The petition claimed only that the lis pendens was improperly expunged, and our alternative writ was limited to the expungement order issued by the trial court. Real parties have confined their arguments to the lis pendens issue. We see no reason to expand the scope of this opinion merely because petitioner has raised the partial summary judgment issue in a later brief to this court.