[S.F. No. 24266. Sept. 3, 1981.]

RICHARD T. PEERY et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
BENEFICIAL STANDARD PROPERTIES, INC., Real Party
in Interest.

COUNSEL

Frank Lee Crist, Jr., Patricia J. Gebala and Crist, Crist, Griffiths, Bryant, Schulz & Biorn for Petitioners.

No appearance for Respondent.

Morgan, Zazueta, Morgan, Towery, Morgan & Spector, W. Robert Morgan, Nossaman, Krueger & Marsh, James C. Powers and Elwood R. Sturtevant for Real Party in Interest.

OPINION

MOSK, J.—This case raises again an issue on which we have recently spoken: the proper interpretation of the statutory requirement that a person who prosecutes a real property action pursuant to which he has recorded a notice of lis pendens prove his good faith or suffer expungement of that notice. (Code Civ. Proc., § 409.1, subd. (b).)[1] In *Malcolm v. Superior Court* (1981) 29 Cal.3d 518 [174 Cal.Rptr. 694, 629 P.2d 495], we recently addressed the problem as it relates to a motion to expunge lis pendens before the trial court has reached a decision on the merits. Here, the issue is raised after the trial court granted summary judgment in favor of the parties who now seek to expunge.

We hold that (1) to avoid expungement of the lis pendens, the appellant must demonstrate by a preponderance of the evidence that he has litigated in good faith both at trial and on appeal; (2) as a necessary but not sufficient condition of proving his good faith, he must show that his appeal constitutes a substantial challenge to the judgment; and (3) relevant findings made at trial are normally conclusive in resolving factual disputes for purposes of the expungement motion.

I.

Beneficial Standard Properties sued Marriott Corporation for specific performance of an alleged contract to convey real property to Beneficial, and pursuant thereto recorded a lis pendens. Marriott then sold the property to third parties Peery and Arrillaga (petitioners). Petitioners subsequently sued Beneficial to obtain declaratory relief from the cloud on the title resulting from Beneficial's action against Marriott. Their action was consolidated with the Beneficial suit. All parties moved for summary judgment; the motions of petitioners and Marriott were granted, and Beneficial's motion was denied. After Beneficial filed an appeal, the other parties moved in the trial court to expunge the lis pendens. (§ 409.1, subd. (b).) The trial court denied the motion, incorrectly citing *California-Hawaii Development, Inc. v. Superior Court* (1980) 102 Cal.App.3d 293 [162 Cal.Rptr. 365], for the proposition that lis pendens cannot be expunged during the pendency of an appeal affecting real property.

---

[1]Unless otherwise noted, all statutory citations hereinafter refer to the Code of Civil Procedure.

Petitioners now seek a writ of mandate pursuant to section 409.4, contending that the trial court erred by refusing to consider their allegation that Beneficial was prosecuting the case in bad faith. Beneficial asserts that petitioners have no standing to seek the writ, and that the trial court correctly denied the motion to expunge.

## II.

We first address Beneficial's challenge to petitioners' standing. Beneficial correctly observes that the lis pendens statute authorizes expungement only "upon motion of a party to the action ...." (§ 409.1.) Beneficial contends that because petitioners are parties not to the original action but to the separate, consolidated action to quiet title, they have no standing to move for expungement or to seek a writ of mandate if expungement is improperly denied.

The contention fails, for two reasons. First, Marriott was a party to both the original action and the motion to expunge, which was therefore properly before the trial court. Second, even if Peery and Arrillaga were not entitled to bring the expungement motion, an issue we do not decide, they need not have been parties to the motion in order to qualify as parties aggrieved within the meaning of the statute authorizing review by writ of mandate. (§ 409.4.) As in the case of the general mandamus statute (§ 1086) and the certiorari provisions (§ 1069), section 409.4 speaks of the affected "party." But we have long held that one who petitions for an extraordinary writ need not have been a party to the action below so long as he demonstrates that he is beneficially interested in or affected by the outcome. (*Burlingame* v. *Justice's Court* (1934) 1 Cal.2d 71, 75 [33 P.2d 669]; *Elliott* v. *Superior Court* (1904) 144 Cal. 501, 508 [77 P. 1109]; see also *Carsten* v. *Psychology Examining Committee* (1980) 27 Cal.3d 793, 796 [166 Cal.Rptr. 844, 614 P.2d 276].) Because Marriott has transferred the affected property to petitioners, subject only to the cloud on title represented by the present litigation, petitioners' interest in the outcome of the expungement motion is undeniable. (Cf. *Trumpler* v. *Trumpler* (1899) 123 Cal. 248, 253 [55 P. 1008].)

## III.

Only two Courts of Appeal have considered postjudgment motions to expunge based on allegations of bad faith or improper purpose. (*Cali-*

*fornia-Hawaii Development, Inc.* v. *Superior Court, supra,* 102 Cal. App.3d 293; *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377 [88 Cal.Rptr. 551].) Although they agree on the appropriate procedure and statutory criteria for ruling on such motions, they reach sharply conflicting conclusions in construing and applying those criteria.

Both courts follow *Howden-Goetzl* v. *Superior Court* (1970) 7 Cal. App.3d 135, 138-139 [86 Cal.Rptr. 326], in accepting the trial court as the proper tribunal to hear the expungement motion after judgment. (*California-Hawaii,* 102 Cal.App.3d at p. 300; *United Professional,* 9 Cal.App.3d at pp. 384-386.) We agree with *United Professional* that the established practice, followed again in the present case, "best serves the efficient and proper administration of the courts." (*Id.* at p. 385.)

Both courts also held that for purposes of lis pendens a case is still pending while an appeal is taken; hence unless a statutory ground for expungement is established, the lis pendens may remain on record during the pendency of the appeal. (*California-Hawaii,* 102 Cal.App.3d at p. 297; *United Professional,* 9 Cal.App.3d at p. 385.) The parties have ably discussed this issue in supplemental briefs, Beneficial arguing largely from precedent that the lis pendens should stand during appeal and petitioners contending that after judgment the protective function of the lis pendens is adequately served by other remedies such as the writ of supersedeas. ■ We believe that the salutary policy of avoiding prolongation of frivolous suits to force unfair settlements can be served without fashioning an automatic expungement procedure on appeal at odds with the precedents and with the general statutory definition of "pendency" as including the period during which an appeal is contested. (§ 1049.) Consequently, we hold that the lis pendens may remain on record while the appeal is pending, subject to the statutory right of the adversely affected party to seek expungement under sections 409.1 and 409.2.

■ Next we reach the issues on which the courts have not agreed. *United Professional* focused only on the plaintiff's motives in commencing the action (9 Cal.App.3d at pp. 388, 394), thereby implying that his intent at subsequent stages of the litigation was irrelevant. *California-Hawaii,* on the other hand, concluded that the plaintiff's motives throughout the course of the litigation and on appeal are to be considered. (102 Cal.App.3d at p. 299.) We agree with *California-Hawaii.*

At the time *United Professional* was decided, the statute provided that notice of lis pendens could be expunged if the movant proved that the party who recorded lis pendens either "commenced *or prosecuted*" the case in bad faith or for an improper purpose. (Italics added; § 409.1, added by Stats., 1968, ch. 815, § 1, p. 1572.) Because we must presume the Legislature imparted a separate significance to each portion of the statute (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]) and because a contrary interpretation would offend common sense, we conclude that the law was intended to require good faith and a proper purpose at all stages of the action, not merely at its inception.

In response to criticism that existing law did not adequately protect landowners from strike suits (see *Malcolm* v. *Superior Court, supra,* 29 Cal.3d p. 524) the Legislature amended section 409.1 in 1976 to shift the burden of proving good faith to the party who recorded the lis pendens. Through apparent inadvertence, however, the Legislature thereby changed the logical effect of the disjunctive clause quoted above; now expungement is to be granted unless the party who recorded the lis pendens proves he either "commenced or prosecuted" the case in good faith. A literal reading would dictate the unjustifiable result that a party who initiated a case in good faith could maintain the lis pendens to pressure for settlement by plaguing the other party and the court with dilatory motions and vexatious appeals long after all realistic hope of success on the merits had evaporated. We are confident the Legislature did not intend to reach this result in a revision adopted to strengthen the property owner's power to escape from malicious attempts to force unwarranted settlements. Hence we agree with *California-Hawaii* that the present statute should be read as providing that the person having filed the lis pendens must prove to the court that he "'has commenced [if just commenced] or prosecuted [to the present stage if beyond commencement] the action for a proper purpose and in good faith.'" (Brackets in original; 102 Cal.App.3d at p. 299.)

■ The courts also disagree regarding the extent to which the merits of the case and the proceedings at trial may be considered in ruling on the postjudgment expungement motion. Because the *United Professional* court focused only on the plaintiff's motives in commencing the suit, it held (9 Cal.App.3d at p. 394) that the trial court's findings "constitute nothing more than the opinions of the judge who tried the case and should not have been considered ...." In contrast, the *California-*

. . .

*Hawaii* court concluded (102 Cal.App.3d at pp. 299-300) that "the merits of the trial court ruling should play an important role in determining whether a lis pendens should be expunged [after judgment]." Again we agree with the thrust of the *California-Hawaii* case, but refine its nebulous standard to clarify its relation to the test at the prejudgment stage as enunciated in *Malcolm*.

In *Malcolm*, we recognized that the sole issue under section 409.1, subdivision (b), is the subjective intent of the party who recorded the lis pendens, and that a "minitrial" of the merits of the case to decide the motion to expunge is inappropriate. (*Id.*, 29 Cal.3d at p. 529.) Nevertheless, we concluded that if the plaintiff fails to establish a prima facie case by affidavit or other means, the court could for that reason infer that he harbored an improper motive. Furthermore, we held that even if a prima facie case is established, the court may assess the strength or weakness of that case in weighing independent evidence of bad faith. (*Id.* at pp. 528-530.) In the postjudgment context, we are more inclined to allow consideration of the merits as reflected in the trial court's findings and judgment.

The judgment is an important tool for determining the motives of the party bringing the appeal. Because the trial court's decision is entitled to considerable deference on review (*People v. Samuel* (1981) 29 Cal.3d 489, 505 [174 Cal.Rptr. 684, 629 P.2d 485]; *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321]; *Estate of Rule* (1944) 25 Cal.2d 1, 10 [152 P.2d 1003, 155 A.L.R. 1319]) even a case that appears legally sound and factually strong at trial may leave no significant issue once the trier of fact has credited the defendant's proof rather than the plaintiff's. Hence a plaintiff could pursue his remedy at trial in good faith yet have no legitimate reason for appealing from an adverse judgment. In *Malcolm* we noted, "Because the question of a person's motive in filing a lawsuit relates primarily to his subjective state of mind, the issues of proper purpose and good faith must often be determined by inference from a variety of circumstantial evidence and we recognize that in some instances the patent lack of merit of a lawsuit may strongly suggest that the plaintiff has not filed the action for a proper purpose or in good faith." (*Id.*, 29 Cal.3d at p. 528.)

The patent lack of merit of an appeal from a sound judgment is equally demonstrative of an appellant's improper purpose. Therefore, to

avoid expungement after judgment, the losing party must demonstrate that he will raise a substantial issue for review—that is, an issue the proper resolution of which could both affect the disposition of the real property at issue and be the subject of legitimate debate on appeal. Moreover, in a case in which the appellant makes substantial contentions of error, if the party seeking expungement introduces other evidence of the appellant's bad faith or improper purpose the court may assess and consider the appellant's chances of success on appeal in determining whether or not to credit the independent evidence. (Cf. *Malcolm*, 29 Cal.3d at pp. 528-529.) However, we reiterate that a weak case does not by itself demonstrate an improper motive. Hence, by analogy to the prejudgment setting, if the appellant has made a verified declaration of good faith and demonstrates the substantiality of the appeal, the appellee's proof that the issues are likely to be resolved in his favor should not by itself justify expungement. (Cf. *id.* at p. 529.)[2]

■ The judgment is often accompanied by findings resolving factual disputes that may be relevant to the plaintiff's motives in bringing the suit. For instance, if the trial court has found nonexistent the alleged contract on which the plaintiff bases his claim, the court considering expungement could simplify and expedite its task by adopting that finding as forceful evidence of plaintiff's bad faith in bringing the suit. ■ Findings of fact may be disturbed on appeal only if no substantial evidence supports them. (See *Richter* v. *Walker* (1951) 36 Cal.2d 634, 640 [226 P.2d 593], and cases cited.) ■ We perceive no reason for courts to ignore that principle when considering section

[2]Beneficial argues that the trial court should not be allowed to consider the merits in ruling on the postjudgment expungement motion because the court cannot be expected to make a genuinely objective assessment of the likelihood that it will be reversed on appeal. In light of the rule we set forth herein, the perceived danger is overstated. First, the expungement motion is often referred to the law and motion judge of the superior court rather than the judge who presided at trial. (See, e.g., *United Professional*, 9 Cal.App.3d at p. 382.) Second, the trial court may not expunge on the basis of the merits alone unless they so clearly weigh against the appellant that he is unable to present any substantial issue for review. We are confident that the trial court can objectively discriminate between those cases in which it finds the issues closely balanced and those cases in which it arrives at its ruling against the plaintiff without encountering legal or factual obstacles that could be the subject of serious debate on appeal. Third, the probable outcome of a legitimate appeal may be considered only if additional, independent evidence of bad faith is presented. Fourth, the court entertaining the motion to expunge has broad discretion to require the posting of a bond to protect the interests of the losing party. (§ 409.1; see also *Malcolm*, 29 Cal.3d at pp. 529-530.) Finally, a party whose lis pendens is expunged is given an explicit statutory right to immediately seek a writ of mandate to correct any abuse of discretion (§ 409.4).

409.1 motions. Therefore, a relevant finding may be accepted as conclusive unless the appellant proves that it is subject to substantial challenge on appeal for lack of adequate evidentiary support. Furthermore, if the finding is subject to substantial attack or no finding was made, relevant evidence adduced at trial and preserved in the record may be considered to the same extent as it would be at a prejudgment motion under *Malcolm.*

In the present case, the court granted summary judgment against Beneficial (plaintiff below), reflecting its conclusion that Beneficial failed to establish a prima facie case. As noted above, in *Malcolm* we held that the failure to demonstrate a prima facie case could justify expungement in some instances. In light of the rule adopted herein, however, we believe that although expungement will often be appropriate after summary judgment, the appellant should be given the opportunity to prove that the summary judgment raises substantial issues for appellate review and to otherwise demonstrate his good faith. Thus, for instance, if the appellant suffered summary judgment because he offered no evidence by affidavit or other means to support a crucial factual allegation in the complaint, expungement would be justified. If, however, he loses only because his theory of recovery represents a rule the status of which is unsettled, expungement might in effect deprive him of the property the appellate court ultimately decides is rightfully his. Of course, even in the latter case the party seeking expungement may prove by other means that the appellant has litigated for an improper purpose, and the tenuous nature of the appellant's case may be considered in support of that independent proof.

The court below clearly erred in refusing to consider any substantive allegations or evidence from either party in denying the expungement motion. Because resolution of the issues will likely require presentation of evidence by affidavit or other appropriate method and may also call for an inquiry into the necessity for and proper value of a bond (§ 409.1), the motion should be considered again by the trial court. (See *Stewart Development Co.* v. *Superior Court* (1980) 108 Cal.App. 3d 266, 275 [166 Cal.Rptr. 450].)

Let a peremptory writ of mandate issue to the Santa Clara Superior Court, commanding it to vacate its order denying the motion to expunge and to reconsider the motion in a manner consistent with this opinion.

Bird, C. J., Tobriner, J., Richardson, J., Newman, J., Kaus, J., and Broussard, J., concurred.