[No. E001353. Fourth Dist., Div. Two. Jan. 22, 1985.]

EDWARD MASON et al., Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
ARTHUR E. BOND et al., Real Parties in Interest.

990

COUNSEL

Timothy L. Taggart for Petitioners.

No appearance for Respondent.

Anderson, McDonald, Belden & Kelly, Richard W. Abbey and H. Michael Peccorini for Real Parties in Interest.

OPINION

KAUFMAN, Acting P. J.—Petitioners Edward Mason and Jo An Mason (plaintiffs) instituted the underlying action in two counts, seeking in the first

count cancellation of a deed to real property, quiet title, ejectment and declaratory relief and in the second count, damages. In conjunction with the action plaintiffs recorded and filed a lis pendens. Real parties Arthur E. Bond and his wife (defendants) moved for summary judgment and/or adjudication of issues without substantial controversy and contemporaneously moved under Code of Civil Procedure section 409.1 to expunge plaintiffs' lis pendens on the ground the action does not affect title to or the right to possession of real property. The trial court granted summary judgment as to the first count only and, contemporaneously, granted the motion to expunge the lis pendens.

Plaintiffs filed a petition for writ of mandate in this court in which they urged the order partially granting the motion for summary judgment was erroneous and that, concomitantly, the expungement of the lis pendens was also erroneous. In the prayer of their petition, however, they requested issuance of the writ only in respect to the order expunging the lis pendens. Inasmuch as it was clear from the record that the only basis for the court's order expunging the lis pendens was the court's contemporaneously granting summary judgment as to count 1 of the complaint, we issued an alternative writ of mandate directed to both orders.

Defendants have both demurred to and answered the petition for writ of mandate. They complain of our issuance of the alternative writ directed to both orders in view of the fact the prayer of the petition requested issuance only as to the order expunging the lis pendens; they contend insufficient facts are stated to support the issuance of a writ of mandate, urging the petition contains only legal conclusions and that the writ will not lie to correct ordinary judicial error but only when it is shown the court's discretion could have been exercised but in one way. Otherwise, defendants urge that plaintiffs are wrong on the merits.

We have concluded the only proper way the trial court could exercise its discretion was to deny both the motion for summary judgment and the motion to expunge the lis pendens. Accordingly, the peremptory writ shall issue.

█ Preliminarily, we observe that insofar as the expungement of the lis pendens is concerned, a petition for writ of mandate is the statutorily prescribed method of review for judicial error, although the test for judicial error is usually stated to be the abuse of judicial discretion standard. (Code Civ. Proc., § 409.4;[1] see, e.g., *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 521 [174 Cal.Rptr. 694, 629 P.2d 495]; *Peery* v. *Superior*

---

[1]All statutory references will be to the Code of Civil Procedure unless otherwise specified.

*Court* (1981) 29 Cal.3d 837, 846 [176 Cal.Rptr. 533, 633 P.2d 198]; *Stewart Development Co.* v. *Superior Court* (1980) 108 Cal.App.3d 266, 275 [166 Cal.Rptr. 450].) ■ A writ of mandate is also the appropriate means for reviewing and correcting an erroneous partial summary judgment because a partial summary judgment is not itself an appealable order. (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; *Nazaroff* v. *Superior Court* (1978) 80 Cal.App.3d 553, 557-558 [145 Cal.Rptr. 657].) ■ Thus, defendants' contention that mandate is an inappropriate remedy is incorrect.

Similarly unmeritorious is defendants' assertion that plaintiffs have set forth mainly conclusions and failed to state a proper case for issuance of a writ of mandate. While plaintiffs' statements may be somewhat conclusory, the factual details of their claims and assertions are fully set forth in the papers referred to in the petition and attached thereto as exhibits.

Finally, we do not agree with defendants' contention the alternative writ should have been limited to the order expunging the lis pendens. As already indicated, the only basis for that order was the contemporaneous order partially granting the motion for summary judgment. While the prayer of the petition did not request issuance of the alternative writ as to the order partially granting the motion for summary judgment, plaintiffs' basic position in the petition was that the order expunging the lis pendens was incorrect because the order partially granting the motion for summary judgment was incorrect. Moreover, in a litigated matter, which this original proceeding is, the court is not limited to affording only that relief requested in the prayer.

We conclude defendants' demurrer is not well taken and accordingly it is overruled.

### Expungement of the Lis Pendens

■ Whether or not the trial court was correct in granting the partial summary judgment, its contemporaneous order expunging the lis pendens was erroneous. The sole ground for the motion to expunge was that the action did not affect title to or possession of real property. As pled, there can be no question but that the action affected both title to and possession of real property, so the only possible basis for the trial court's order expunging the lis pendens was its determination that plaintiffs could not prevail on the first count of their complaint, leaving damages as the only relief plaintiffs might recover. However, in expunging the lis pendens on that basis, the trial court gave conclusive effect to its determination, notwith-

standing that determination was still subject to appellate review either by writ or by appeal from the final judgment.

The question is whether conclusive effect should be given to the determination of the trial court on a motion for summary judgment or partial summary judgment when that determination remains subject to review in an appellate court. The answer is that it should not.

A motion to expunge a lis pendens may, of course, be entertained by the trial court following judgment (*Peery* v. *Superior Court, supra,* 29 Cal.3d at p. 842; *California-Hawaii Development, Inc.* v. *Superior Court* (1980) 102 Cal.App.3d 293, 300 [162 Cal.Rptr. 365]; *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377, 384-386 [88 Cal.Rptr. 551]), however, the entry of judgment does not automatically entitle the party in whose favor judgment was rendered to expungement of the lis pendens; after judgment the lis pendens remains effectively on record unless a statutory ground for expungement is established. (*Peery* v. *Superior Court, supra,* 29 Cal.3d at p. 842; *California-Hawaii Development, Inc.* v. *Superior Court, supra,* 102 Cal.App.3d at p. 297; *United Professional Planning, Inc.* v. *Superior Court, supra,* 9 Cal.App.3d at p. 385.)

Light was thrown on the problem in *Peery* v. *Superior Court, supra,* 29 Cal.3d at page 843 et seq. In *Peery* the motion to expunge was made following a summary judgment, on the ground the action was no longer being prosecuted in good faith and for a proper purpose. The court explained the function of the trial court's judgment as follows: "The judgment is an important tool for determining the motives of the party bringing the appeal. . . . [¶] The *patent lack of merit of an appeal* from a *sound* judgment is . . . demonstrative of an appellant's improper purpose. Therefore, [as against a motion made on grounds of lack of good faith or proper purpose] to avoid expungement after judgment, the losing party must demonstrate that he will raise a substantial issue for review—that is, an issue the proper resolution of which could both affect the disposition of the real property at issue and be the subject of legitimate debate on appeal. . . . *However,* . . . *a weak case does not by itself demonstrate an improper motive.* Hence, by analogy to the prejudgment setting, *if the appellant* has made a verified declaration of good faith and *demonstrates the substantiality of the appeal,* the appellee's proof *that the issues are likely to be resolved in his favor should not by itself justify expungement.*" (*Id.,* at pp. 844-845, italics added.)

The admonition in *Peery* that "the appellee's proof that the issues are likely to be resolved in his favor should not by itself justify expungement" and the principle enunciated in all the pertinent cases that unless a

statutory ground for expungement is established the lis pendens remains effectively on record until the judgment becomes final, teach that unless any request for appellate review would be patently unmeritorious or insubstantial the trial court's determination on a motion for summary judgment or partial summary judgment should not be given conclusive effect while still subject to appellate review.

Whether or not ultimately held to be correct, the trial court's order granting summary judgment as to count one of the complaint raised substantial questions of law as shall become apparent from our discussion of the partial summary judgment. The trial court therefore abused its discretion in ordering the lis pendens expunged solely on the basis of its order granting partial summary judgment in favor of defendants.

### *The Partial Summary Judgment*

■ It is fundamental that summary judgment is a drastic procedure "and should be used with caution so that it does not become a substitute for the open trial method of determining facts." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *Desny* v. *Wilder* (1956) 46 Cal.2d 715, 725-726 [299 P.2d 257].) ■ "The matter to be determined by the trial court in considering such a motion is whether . . . any facts [have been presented] which give rise to a triable issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts . . . sufficient to present a triable issue. . . . ■ In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Stationers Corp.* v. *Dun & Bradstreet, Inc., supra,* 62 Cal.2d at p. 417.)

■ "[T]he party moving for summary judgment has the burden of showing by declarations or affidavits setting forth facts admissible as evidence in a trial that the claims or defenses of the adverse party are entirely without merit on any legal theory . . . ." (*Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 41 [147 Cal.Rptr. 565].) Although the affidavits must be directed to the issues raised by the pleadings, "a motion for summary judgment is not a substitute for a demurrer and . . . if the affidavits contain factual averments within the general area of the issues framed by the pleadings, they are sufficient to make out a prima facie case" (*Miller & Lux, Inc.* v. *Bank of America* (1963) 212 Cal.App.2d 719, 728 [28 Cal.Rptr. 401]).

Applying these legal principles, it is clear that summary judgment should not have been granted as to the first count of plaintiffs' complaint. The declarations show that on May 23, 1980, plaintiffs conveyed to defendants a parcel of real property, retaining a contiguous parcel they expected to be enhanced in value as a result of certain improvements to be erected by defendants on the parcel conveyed to them. On its face the grant deed from plaintiffs to defendants contained the following note: "SEE EXHIBIT 'A,' ATTACHED HERETO, FOR COVENANTS, CONDITIONS AND RESTRICTIONS." The attached exhibit "A," set forth in full in the margin,[2] commences: "This deed is given subject to the provision that Grantee shall, at the expense of Grantee," and then in four lettered paragraphs enumerates improvements to be constructed or erected by the grantees. Exhibit "A" then concludes: "Said terms and conditions shall be performed and completed within six months from the date of this Grant Deed. Grantees may extend said period of time for an additional six months upon written notice to Grantor."

In the declaration of Arthur E. Bond in support of the motion for summary judgment it is noted that the deed contains no express right of reentry nor any provision for reverter in the event defendant should fail to perform any of their obligations. On the authority of *Springmeyer* v. *City of South Lake Tahoe* (1982) 132 Cal.App.3d 375, 379, 381 [183 Cal.Rptr. 43], and similar cases, defendants urge that the language of the deed may not be interpreted as constituting a condition subsequent the failure of which would result in a forfeiture and that the grantees' obligations under exhibit "A" must be deemed only personal covenants. In addition, Mr. Bond averred in his declaration that plaintiffs had orally granted various extensions of time for performance, that many of the improvements had been completed at a cost in excess of $60,000, that only the railroad spur remained to be completed; that several times when asked, Mr. Mason had failed to specify exactly what kind of railroad spur he desired and had told Mr. Bond not to

---

[2]The attached exhibit "A" reads in full: "This deed is given subject to the provision that Grantee shall, at the expense of Grantee,

"(a) Construct a railroad spur or siding onto and within the boundaries of said land to which Grantor reserves a right of access for the limited purpose of loading or unloading non-bulk products intended for manufacture or re-sale by persons not in direct or indirect competition with Grantee and whose lands are immediately contiguous to the lands hereby conveyed.

"(b) Erect a chain link or wire mesh fence surrounding said lands of sufficient height to meet customary security requirements for similar industrial uses in the area.

"(c) Install Electrical transmission lines to and upon the property capable of carrying not less than 440 volts.

"(d) Grade the surface of Parcel Numbers 269-171-09 and 269-171-23 in conformity with that grading plan for uniform drainage as required by the City of San Bernardino by Grantor.

"Said terms and conditions shall be performed and completed within six months from the date of this Grant Deed. Grantees may extend said period of time for an additional six months upon written notice to Grantor."

worry about the matter; and that defendants were ready, willing and able to perform.

Declarations from Mr. Mason and from the attorney who represented the Masons in the transaction leading up to the conveyance, Gary W. Smith, averred that in the discussions and negotiations between the parties it was expressly discussed and agreed between the parties that the performance of the things ultimately enumerated in exhibit "A" to the deed were to be conditions subsequent to the deed; that in fact an earlier proposed option to purchase had been rejected by the Masons because it did not expressly so provide; that Mr. Smith had prepared and submitted on behalf of the Masons a written, signed addendum to the proposed option, which by its language was obviously the model for what ultimately became exhibit "A," and that the opening line of the substantive portion of that addendum read: "*Provided that* grantees shall, at the expense of grantees:" (italics added). The declarations of Mr. Mason and Mr. Smith admitted extensions of time for performance but averred a subsequent demand for and failure of full performance.

In their petition in this court plaintiffs assert the trial court refused to consider extrinsic evidence as to what the parties intended. However, there is nothing in the record before us to confirm that assertion with the possible exception that in their moving papers in the trial court defendants took the position that the deed must be interpreted on its face without resort to extrinsic evidence.

There appears to be a division of authority as to whether or not extrinsic evidence may be considered in resolving the question of whether language in a deed constitutes a condition or covenant. *Springmeyer* v. *City of South Lake Tahoe, supra,* 132 Cal.App.3d 375, the case upon which defendants primarily rely, states that the rules generally applied to the interpretation of written instruments, found in such cases as *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373], are inapplicable to the construction of a deed. (*Id.,* at pp. 379-380.) *Connell* v. *Zaid* (1969) 268 Cal.App.2d 788 [74 Cal.Rptr. 371] and *Mission Valley East, Inc.* v. *County of Kern* (1981) 120 Cal.App.3d 89, 97-99 [174 Cal.Rptr. 300], appear to hold to the contrary.

The *Springmeyer* court emphasized that it was faced with a latent ambiguity and restricted its holding accordingly: "These principles necessarily preclude the use of extrinsic evidence to clarify a latent ambiguity in the terms of the reversion condition." (132 Cal.App.3d at p. 381, fn. omitted.) In contrast, the case at bench presents a patent ambiguity and as to such an ambiguity it appears to us that the better rule is that indicated in *Connell* v.

*Zaid* and *Mission Valley East, Inc.* v. *County of Kern*. The question is, objectively, what was intended by the parties. (*Knight* v. *Black* (1912) 19 Cal.App. 518, 522-523 [126 P. 512], disapproved on other grounds in *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168].) In the case of a patent ambiguity that question must be resolved and can only be resolved on the basis of evidence of what the parties said, both orally and in writing, and from evidence of the circumstances surrounding the conveyance. (Cf. *Downing* v. *Rademacher* (1901) 133 Cal. 220, 224-226 [65 P. 385].)

The opposing declarations submitted in support of and in opposition to the motion are at the very least in conflict as to what was said and agreed to by the parties that ultimately resulted in exhibit "A" to the deed. ▮ When extrinsic evidence bearing on the interpretation of a writing is in conflict, the factual conflict must be resolved before the written instrument may be construed. ▮ It appears, therefore, that partial summary judgment on count 1 was precluded by the existence of a triable issue of fact as to what the parties had said and agreed to that resulted in exhibit "A" to the deed.

Even were it otherwise, however, no summary judgment should have been granted as to count 1. Although concededly the parties appear to think so, this case does not necessarily stand or fall on the question of whether the obligations set forth in exhibit "A" to the deed constituted conditions subsequent or personal covenants. While neither the title nor prayer of the complaint specifies rescission or specific performance as remedies sought by plaintiffs, those remedies would be "within the general area of the issues framed by the pleadings" (see *Miller & Lux, Inc.* v. *Bank of America, supra,* 212 Cal.App.2d at p. 728). It would require only relatively minor modifications to plaintiffs' pleadings to allege a cause of action for rescission and, possibly, specific performance. Indeed, plaintiffs' complaint sought cancellation of the deed, and we perceive no legal theory upon which the deed could be cancelled in the absence of a rescission. Mr. Mason's declaration alleges facts that might support a rescission based on material failure of consideration or, inferentially, specific performance of an agreement to reconvey the property if the obligations set forth in exhibit "A" to the deed were not performed. Furthermore, plaintiffs sought declaratory relief and, in view of the patently ambiguous deed, are certainly entitled to such relief, which conceivably could affect title to the property.

### Conclusion and Disposition

We do not mean to suggest how this case should be determined on its merits. We hold only that as matters now stand it should be heard upon its

merits for the reasons we have stated and that the lis pendens was erroneously expunged.

Let a peremptory writ of mandate issue commanding the respondent superior court to vacate its order granting summary judgment as to count 1 of the complaint and its order expunging the lis pendens and in each instance to make new orders consistent with this opinion.

McDaniel, J., and Rickles, J., concurred.