[No. B017673. Second Dist., Div. Seven. Sept. 17, 1986.]

WILLIAM McKNIGHT, Plaintiff and Appellant, v.
JULIE FABER, Defendant and Respondent.

## COUNSEL

David L. Brandon and Williams & Furukawa for Plaintiff and Appellant.

Barbara Reinecke for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Plaintiff appeals from summary judgment entered against him and in favor of defendant Julie Faber.

I

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1975 Melville Faber and Julie Faber, husband and wife, were owners of a residence on which they had recorded a joint declaration of homestead. In 1976 plaintiff sued Melville Faber and others not parties to the within action, for money due on a promissory note and guaranty, and obtained an order for writ of attachment for $50,000 against the Faber residence. In September 1980 Julie Faber filed a petition for dissolution of marriage; on November 18, 1980, a stipulated interlocutory judgment of dissolution was entered determining that the family residence is community property and that Julie Faber could reside there with the parties' two minor children through October 1, 1987, after which time the residence was to be sold and the net proceeds divided equally between husband and wife. Husband was to pay the mortgage, taxes, insurance and utility bills on the residence. The dissolution of marriage became final upon entry of final judgment on May 28, 1981.

In November 1981, pursuant to written stipulation and court order in plaintiff's action against Melville Faber, the writ of attachment which had been levied on the property was extended to February 11, 1982. On January 18, 1982, judgment for $70,314.18 was entered in favor of plaintiff and against Melville Faber. On March 11, 1982, Melville and Julie Faber entered into a stipulation to clarify and amend interlocutory judgment of dissolution of marriage and order thereon, pursuant to which Julie Faber was to retain the residence as her sole and separate property; Melville Faber was to receive a promissory note for $69,500 secured by deed of trust on the residence, bearing no interest and due on October 1, 1987, and no longer was to be responsible for making mortgage, tax, insurance, and utility payments on the property as of April 1, 1982. On March 23, 1982, Melville Faber conveyed the residence to Julie Faber by grant deed, and she executed a promissory note for $69,500 secured by deed of trust on the residence in his favor. On March 30, plaintiff recorded abstract of judgment against

Melville on his $70,314.18 judgment. On April 6, 1982, an order was entered on the above stipulation in the dissolution action.

In June 1982, plaintiff commenced the instant action against defendants Julie and Melville Faber for declaratory relief (first cause of action), cancellation of fraudulent conveyance and foreclosure (second cause of action), constructive trust (third cause of action), and fraud and deceit—intentional mispresentation of fact (fourth cause of action).[1] In June 1982, plaintiff also recorded notice of lis pendens against the residence. On February 22, 1985, Julie obtained order expunging notice of lis pendens. Plaintiff petitioned for writ of mandate, and this court upheld the expungement order on the ground that the notice was invalid due to defects in serving and filing the notice (*McKnight* v. *Superior Court* (1985) 170 Cal.App.3d 291, 303 [215 Cal.Rptr. 909]); however, it stated that plaintiff could refile a notice of lis pendens complying with all requirements of section 409, Code of Civil Procedure. (*Ibid.*) Accordingly, plaintiff refiled notice of pendency of action in July 1985.

Julie Faber moved for summary judgment and/or summary adjudication specifying issues that are without substantial controversy and, concurrently therewith, moved to expunge notice of pendency of action. Plaintiff opposed both motions. The court granted motion for summary judgment and motion to expunge notice of pendency of action. On November 8, 1985, summary judgment was entered in favor of Julie Faber and against plaintiff, and order to expunge notice of pendency of action was entered. Plaintiff appeals from summary judgment.

## II

### SUMMARY JUDGMENT

Appellant contends summary judgment was improper as triable issues of fact existed as to each of the four causes of action. ■ In ruling on a motion for summary judgment, the determination whether facts have been adduced which present triable issues of fact is to be made in light of the pleadings. (*McCollum* v. *Friendly Hills Travel Center* (1985) 172 Cal.App.3d 83, 89 [217 Cal.Rptr. 919].) The court may examine the pleadings only for the purpose of defining the issues. (*Hooks* v. *Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 442 [165 Cal.Rptr.

---

[1]Although Melville Faber is a named defendant, the record does not reveal that he appeared in the instant action. The fourth cause of action was also asserted against attorneys for the Fabers; a fifth cause of action for negligent misrepresentation was asserted only against the attorneys. The attorneys are not parties to this appeal. Accordingly, we do not deal with the fifth cause of action.

741].) Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his or her favor. (*Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal.App.3d 1151, 1157 [203 Cal.Rptr. 419].) "Where, as here, the moving party is a defendant he must either negate a necessary element of the plaintiff's case or state a complete defense." (*Ibid.*) "If a plaintiff's cause of action could be based on either of two theories, he will not be subject to defeat by summary judgment where the defendant's declarations show only that one of the two theories cannot be established." (*McCollum* v. *Friendly Hills Travel Center, supra,* 172 Cal.App.3d at pp. 90-91.) ■ "Only if the declarations of the moving defendant considered in light of the issues raised by the pleadings together with the admissions and affirmative allegations set forth in the pleadings of the plaintiff would, standing alone support the summary judgment motion does the court look to any counteraffidavits and counterdeclarations." (*Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 639 [177 Cal.Rptr. 445].)

III

CANCELLATION OF FRAUDULENT CONVEYANCE
(SECOND CAUSE OF ACTION)

The complaint alleged that Melville Faber conveyed real property to Julie Faber "without a fair or any consideration and with the actual intent to hinder, delay, defeat, and defraud the then existing and also future and subsequent creditors of defendant Melville Faber"; that the conveyance "was made in pursuance of an agreement between said defendants to conceal the property of defendant Melville Faber and for the purpose of defrauding, hindering, and delaying his creditors in the settlement and satisfaction of such claims as were then due and owing"; and Melville had no property other than the property conveyed out of which plaintiff can satisfy his claim.

Section 3439.04, Civil Code provides: "Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made . . . without a fair consideration." "'Fair consideration' is defined by section 3439.03 of the Civil Code as the exchange of property or the satisfaction of an antecedent debt which is the 'fair equivalent' of the property conveyed. . . . ■ 'What constitutes "a fair equivalent" or "a fair consideration" under the Fraudulent Conveyance Act must be determined from the standpoint of creditors. . . .' The test in determining the propriety of a creditor's challenge of a conveyance for lack of a 'fair consideration' within the meaning of the act depends on whether the debtor is thereby rendered

execution proof, and the existence of any intent of fraud on the part of either the grantor or the grantee is an immaterial factor." (*Hansen* v. *Cramer* (1952) 39 Cal.2d 321, 324-325 [245 P.2d 1059, 30 A.L.R.2d 1204].) "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." (Civ. Code, § 3439.02, subd. (a).)

In support of her motion for summary judgment and/or summary adjudication, Julie Faber presented her declaration stating that she and Melville Faber acquired the real property in April 1975; they recorded a declaration of homestead on the property in September 1975; she filed petition for dissolution of marriage in September 1980; pursuant to an interlocutory judgment of dissolution of marriage, entered November 11, 1980, a stipulation to clarify and amend interlocutory judgment for dissolution of marriage and order thereon was executed by her and Melville on March 11, 1982; plaintiff's action is based on a money judgment obtained on January 18, 1982, in an action on an unsecured promissory note executed by Mel Faber, president, on behalf of Beneficial Concepts, Inc.; on March 23, 1982, Julie Faber executed promissory note secured by deed of trust in the amount of $69,500 payable to Melville Faber who conveyed the property to her by grant deed as her sole and separate property; plaintiff recorded abstract of judgment against the property on March 30, 1982. Attached as exhibits to Julie Faber's declaration are copies of the following documents, of which she sought judicial notice; grant deed, promissory note secured by deed of trust, declaration of homestead, stipulation to clarify and amend interlocutory judgment of dissolution of marriage and order thereon, and unsecured promissory note which was the basis of plaintiff's action against Melville.

Relying on the principle that a deed, as a written instrument, is presumptive evidence of a consideration (see Civ. Code, § 1614), defendant argued below that the consideration for the transfer was evidenced by the promissory note in the amount of $69,500, and that Melville Faber was not rendered insolvent since the sum of $69,500 will be due and payable to him on October 1, 1987. As a rebuttable presumption affecting the burden of proof (see Civ. Code, § 1615; Evid. Code, § 605), the presumption of Civil Code section 1614 does not relieve defendant of the burden of proof on summary judgment. (See *Security Pac. Nat. Bank* v. *Associated Motor Sales* (1980) 106 Cal.App.3d 171, 179 [165 Cal.Rptr. 38]; *People* ex rel. *Deukmejian* v. *CHE, Inc.* (1983) 150 Cal.App.3d 123, 138 [197 Cal.Rptr. 484].) The evidence presented by defendant was insufficient to negate either insolvency or lack of fair consideration as defined by the applicable statutes. No facts were presented from which the court could

determine whether defendant's promissory note secured by trust deed was a "fair equivalent" for Melville Faber's conveyance to defendant inasmuch as no evidence was presented as to his community property interest in the residence. Also lacking was evidence as to the present fair salable value of his assets.

As an alternate ground for summary judgment on the second cause of action, defendant argued that the conveyance of a homestead cannot be a fraud on creditors as it is entirely exempt from subjection to the claims of creditors. "[A] gift, sale, or pledge of any part of a homestead cannot, under any circumstances, be with intent to defraud a creditor not having a lien upon the premises, for a creditor is not entitled to complain of the transfer by the debtor of *an asset which he could not have reached, had the debtor retained it.*" (*Oppenheim* v. *Goodley* (1957) 148 Cal.App.2d 325, 328 [306 P.2d 944], citing *Montgomery* v. *Bullock* (1938) 11 Cal.2d 58, 62 [77 P.2d 846], italics added; fn. omitted.) This rule, however, clearly has no application to a conveyance of an interest in property that is not exempt and can be reached by creditors. Here, defendant failed to show that there was no excess value of the property conveyed above any asserted homestead exemption. As we conclude, defendant failed to meet her burden of showing that no part of the property conveyed exceeded any exemption, or that the conveyance was for fair consideration or did not render Melville Faber insolvent, she failed to negate any element of fraudulent conveyance as defined in Civil Code section 3439.04. We therefore need not address the issue as to whether defendant controverted the elements of fraudulent conveyance set out in Civil Code section 3439.07, which provides a distinct ground for finding a conveyance to be fraudulent as to creditors.[2] (See *Kirkland* v. *Risso* (1979) 98 Cal.App.3d 971, 976 [159 Cal.Rptr. 798].) Nor need we discuss appellant's contention that a triable issue was presented as to whether Melville abandoned his homestead rights in the property.

## IV

### CONSTRUCTIVE TRUST
### (THIRD CAUSE OF ACTION)

Plaintiff alleged that defendant holds the property as a constructive trustee for plaintiff's benefit as a judgment creditor in order to prevent unjust enrichment that would occur should the property be sold without the knowledge or consent of plaintiff and the proceeds retained by defendant. De-

---

[2]Civil Code section 3439.07 provides in pertinent part: "Every conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

fendant's sole argument for summary judgment on this cause of action was that "plaintiff herein cannot prevail . . . since he does not have a valid lien on the subject real property, and by virtue of the Stipulation to Clarify and Amend Interlocutory Judgment for Dissolution of Marriage and Order Thereon . . . the subject real property was conveyed to Julie Faber by Melville Faber . . . ." ■ No authority is cited for the proposition that a lien is required for the equitable remedy of a constructive trust. The court stated in *Lazar* v. *Hertz Corp.* (1983) 143 Cal.App.3d 128 [191 Cal.Rptr. 849], cited by defendant, "[i]n order to create a constructive or involuntary trust as defined in section 2224 [Civ. Code], no conditions other than the three stated in that section are necessary: the existence of a res (property or some interest in property), the plaintiff's right to that res, and the defendant's gain of the res by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act [citations]." (*Id.,* at p. 139.) As defendant presented no evidence negating any of the above conditions, summary judgment was improperly granted on the third cause of action.

## V

### FRAUD AND DECEIT
### (FOURTH CAUSE OF ACTION)

Plaintiff's fourth cause of action alleged that defendant Barbara Reinecke is the attorney who represented both Melville and Julie Faber in the dissolution of their marriage; defendant John Frolich is the father of Reinecke and they practiced law together; Frolich is Melville Faber's attorney and was at all times acting in the course and scope of his employment and authority for Melville Faber; Reinecke, Frolich and Melville and Julie Faber entered into a scheme and plan whereby defendants would transfer title to the real property to defendant so as to defeat plaintiff's execution on the property; the conveyance of the property left Melville Faber insolvent and thereby frustrated plaintiff's right to execution or sale; in the first lawsuit defendant made a specious motion for new trial and, during the pendency of the motion, defendants represented they were going to, and that they had, posted a security bond; Frolich and Reinecke, prior to March 23, 1982, represented to plaintiff that Melville Faber was securing and posting an appeal bond to assure payment of the judgment and plaintiff should not record the abstract of judgment or execute on defendant's home because defendants were in the process of securing an appeal bond; such representations were false in that at no time did Melville Faber intend to secure an appeal bond; defendants were seeking a delay for the purpose of conveying said property to Julie Faber in order to frustrate payment of the judgment, thereby hindering, delaying, and defrauding creditors; Julie Faber aided and abetted and participated in said scheme; in reliance on the representations,

plaintiff did not execute on the judgment and did not record abstract of judgment until March 26, 1982; all of the above acts were done intentionally, willfully and fraudulently; and as a result of the plan and scheme to deceive plaintiff, he has been deprived of his right to execute on the judgment and has been damaged in the sum of $70,314.18.

Defendant argued that no cause of action was stated because the precise words and circumstances surrounding the false statements were not pleaded with particularity and because the action is barred by the privilege of Civil Code section 47, subdivision 2. The privilege under this section was raised as an affirmative defense in defendant's answer.

■ Defendant's claim of lack of specificity is not properly before us because defendant did not demur specially to the complaint on the ground of ambiguity or uncertainty. (See Code Civ. Proc., § 430.10, subd. (f).) Failure to raise such a defect by special demurrer constitutes a waiver thereof. (*Stockton Newspapers, Inc.* v. *Redevelopment Agency* (1985) 171 Cal.App.3d 95, 103 [214 Cal.Rptr. 561].)

Section 47 of the Civil Code provides in pertinent part: "A privileged publication or broadcast is one made— . . . 2. In any . . . (2) judicial proceeding . . . ." The absolute privilege attaches if all of the foregoing conditions are met: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. (*Profile Structures, Inc.* v. *Long Beach Bldg. Material Co.* (1986) 181 Cal.App.3d 437, 441-442 [226 Cal.Rptr. 192].) ■ "[T]he absolute privilege should be confined to cases in which the challenged publication was '*made in furtherance of the litigation and to promote the interest of justice.*'" (*Barbary Coast Furniture Co.* v. *Sjolie* (1985) 167 Cal.App.3d 319, 333 [213 Cal.Rptr. 168], quoting *Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 826·[106 Cal.Rptr. 718], original italics.) Further, actions "intended to circumvent a judicial determination with which [a litigant is] unhappy and to impede the interests of justice implicit therein" are not absolutely privileged under Civil Code section 47, subdivision 2. (*Earp* v. *Nobmann* (1981) 122 Cal.App.3d 270, 285 [175 Cal.Rptr. 767].) ·

Below defendant placed great importance on the fact that the misrepresentations concerning the security bond were alleged to have occurred during the pendency of a motion for new trial; the record reflects that this fact was

the basis for the court's granting the motion on this cause of action.[3] The fact that a judicial proceeding was pending at the time of the misrepresentations is insufficient to establish that they were made in furtherance of the litigation and to promote the interest of justice. In alleging that the motion for new trial was specious and that misrepresentations were made for the purpose of delay so as to permit defendants to transfer the property to Julie Faber, plaintiff has pleaded actions undertaken by defendants to circumvent established procedures to stay enforcement of money judgments and to impede justice. Defendant's evidence simply fails to controvert the allegations of the complaint and to establish all conditions necessary for the attachment of the absolute privilege. Having determined that defendant failed to establish absolute immunity under section 47, subdivision 2, Civil Code, we need not address appellant's contention that the shield of that statute does not in any event apply to her *conduct* in devising and participating in a conspiracy to defraud Melville Faber's creditors because the privilege applies only to statements or publications and not to the fraudulent *act* of conveying the property.

## VI

### DECLARATORY RELIEF
### (FIRST CAUSE OF ACTION)

 Plaintiff alleged the real property is "subject to either execution, judicial lien, or constructive trust in total or partial satisfaction of the judgment owing to plaintiff herein"; that he has a valid lien on the real property and that the debt which was the subject of the prior civil action was secured by the real property. In support of her motion for summary judgment, defendant's declaration and attached exhibits established without dispute that the promissory note in the prior action was unsecured and that the abstract of judgment recorded by plaintiff on March 30, 1982, was defective under Code of Civil Procedure section 674, subdivision (f), in failing to indicate Melville Faber's social security number and driver's license number or that such numbers were unknown. (See *Keele* v. *Reich* (1985) 169 Cal.App.3d 1129, 1133 [215 Cal.Rptr. 756].) However, as defendant failed to negate plaintiff's right to a decree in his favor on the issues of execution and constructive trust, summary judgment was improper as to this cause of action.

---

[3]At the hearing on the motion, the following exchange occurred:

"Ms. REINECKE: All right. In the plaintiff's verified pleading paragraph 51(a) they specifically say that any statements, fraudulent, etc. were made during the pendency of a motion and of this action. That leaves it within the privilege.

"THE COURT: That is why I would grant your motion."

## VII

### ORDER TO EXPUNGE NOTICE OF PENDENCY OF ACTION

Appellant seeks review of the order to expunge notice of pendency of action, entered at the same time as summary judgment and which the court considered "part of the judgment that you [defendant] present." Although such an order is not separately appealable (Code Civ. Proc., § 409.4), we deem the order subject to appellate review by appeal from summary judgment, the order being an "intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." (Code Civ. Proc., § 906.)[4]

The record shows that the sole basis for granting the order was the conclusion that a summary judgment in defendant's favor automatically entitled her to expungement of lis pendens:

"THE COURT: How does this summary judgment affect that [motion to expunge]?

"Ms. REINECKE: I believe if everything is granted as to her and she is no longer a defendant, wouldn't that automatically—

"THE COURT: It would expunge the lis pendens, I think."

 "[T]he entry of judgment does not automatically entitle the party in whose favor judgment was rendered to expungement of the lis pendens; after judgment the lis pendens remains effectively on record unless a statutory ground for expungement is established." (*Mason* v. *Superior Court* (1985) 163 Cal.App.3d 989, 995 [210 Cal.Rptr. 63]; *Peery* v. *Superior Court* (1981) 29 Cal.3d 837, 842 [176 Cal.Rptr. 533, 633 P.2d 198].) Unless any request for appellate review would be patently unmeritorious or insubstantial the trial court's determination on a motion for summary judgment or partial summary judgment should not be given conclusive effect while still subject to appellate review. (*Mason* v. *Superior Court, supra,* 163 Cal.App.3d at p. 996.)

The trial court therefore erred in ordering the notice of pendency of action expunged solely on the basis of its order granting summary judgment.

---

[4]Appellant's brief states that he petitioned the court of appeal for writ of mandate seeking to reverse the order expunging notice of pendency of action and the petition was denied. The summary denial, without opinion, of a petition for a writ is not res judicata. (*People* v. *Municipal Court (Marandola)* (1979) 97 Cal.App.3d 444, 447 [158 Cal.Rptr. 739].)

## DISPOSITION

The summary judgment and order to expunge notice of pendency of action are reversed. Costs are awarded to appellant.

Thompson, J., and Johnson, J., concurred.

A petition for a rehearing was denied October 10, 1986, and respondent's petition for review by the Supreme Court was denied December 3, 1986.