79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CASCADE ENERGY & METALS CORPORATION; Telegraph Gold
Corporation, for itself and the successor in
interest to Telegraph Resources, Inc., Appellant,
v.
Jeffrey G. BANKS; Gold Technics Dfts; Kenneth Caldwell;
Elmer J. Davis; David G. Henry; Roger A. Mann; Mann
Caldwell Partnership; Robert A. Nickerson; Peter P.
Samarin; Patricia Stoltenberg; Herbert W. Stoltenberg;
Edwin Stoltenberg; Delford R. Ashley; George Slater;
Patricia Slater; Robert Doub; Sam Hambarian; Alyce
Hambarian; Lionel Ascher; Samuel Harmatz; Bernard
Hodowski; A.C. Nejedly; Chris Waugh; H.E. Moses; R.E.
Donahey; Grace V. Duncan; Eliot Weinberg; Harmatz and
Hodowski, a California partnership, Appellees.
 No. 95-4045.
 United States Court of Appeals, Tenth Circuit.
 March 21, 1996.
 
 Before ANDERSON, KELLY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This appeal arose out of an adversary proceeding brought by Appellant Cascade Energy and Metals Corporation ("Cascade") in its Chapter 11 bankruptcy case. Cascade and Telegraph Gold Corporation ("Telegraph") sought declaratory relief and money
 
 
 2
 damages resulting from the recording in the county records of the final judgment in Cascade Energy & Metals Corp. v. Banks, et al., No. C82-1223J (D.Utah 1985), entered September 16, 1985. This final judgment was recorded twice with the County Recorder of San Bernardino County, California, without first being registered in a federal district court for the district which includes San Bernardino county, California as required by 28 U.S.C.1962 & 1963.
 
 Background
 
 3
 In this adversary proceeding, Cascade sought to have the bankruptcy court declare that the recording of the final judgment in San Bernardino county without first registering it in the appropriate federal district court did not create an enforceable lien on Cascade's property. The bankruptcy court granted partial summary judgment, and the district court affirmed, in favor of Cascade declaring that appellees' improper recording of the judgment in San Bernardino county was ineffective to create a lien on Cascade's property. Appellees have not sought review of this order by this Court. Subsequently, appellees moved the bankruptcy court for summary judgment on all of Cascade's remaining claims in the adversary proceeding.[2] The two improper "recordings of the Final Judgment in the Cascade action [were] the basis, in whole or in part, of nearly every claim and cross-claim asserted in [the adversary] proceeding." Aplee. Supp.App. 1, 7.
 
 
 4
 The bankruptcy court granted appellees' motion for summary judgment, finding that there existed no issue of material fact with respect to Cascade's claims; that California law governed all claims based upon the recording of the final judgment in the Cascade action and that under California law appellees' recordation was subject to an absolute judicial privilege under Cal. Civ.Code 47(b)(2); and that all claims in the adversary proceeding not based on the recording of the final judgment in the Cascade action were barred under the theories of statute of limitations, res judicata, and collateral estoppel, or were subject to dismissal for lack of subject matter jurisdiction. Aplee. Supp.App. 1-11. The district court affirmed the bankruptcy court's entry of summary judgment. We exercise jurisdiction under 28 U.S.C. 158(d) & 1291 and affirm.
 
 Discussion
 
 5
 We review the bankruptcy court's grant of summary judgment de novo, applying the same legal standard used by the bankruptcy court and the district court, namely, Fed.R.Civ.P. 56(c). Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.), 47 F.3d 1054, 1057 (10th Cir.1995); Fed. R. Bankr.P. 7056. Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party establishes beyond a reasonable doubt that it is entitled to summary judgment, the burden shifts to the nonmoving party to establish a genuine issue of material fact requiring submission of the case to a jury. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We find that the appellants have failed to demonstrate the presence of any genuine issue of material fact which would preclude summary judgment. The arguments advanced by appellants are primarily legal in nature, regarding the nature and effects of appellees' recording of the final judgment. Moreover, appellants' other claims involve the application of legal principles, including statute of limitations, res judicata, collateral estoppel, and subject matter jurisdiction.
 
 A.
 
 6
 Appellants first argue that California's absolute judicial privilege does not apply to this dispute because California law does not govern this action. A federal court must apply the law of the forum state in resolving conflict of laws issues. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Under Utah law, the "most significant relationship" test of the Restatement (Second) of Torts governs choice of law issues. Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc., 24 F.3d 125, 128 (10th Cir.1994); Forsman v. Forsman, 779 P.2d 218, 219-20 (Utah 1989). Under the "most significant relationship" test, we examine the following factors and accord them weight based on their relative importance to the matter at hand: the state where the injury took place; the state where the conduct causing the injury took place; the domicile, residence, place of incorporation and principal place of business of the parties; and the state where the relationship between the parties is based. Rocky Mountain Helicopters, 24 F.3d at 128; Forsman, 779 P.2d at 219.
 
 
 7
 Based on these factors, California clearly has the most significant relationship to the claims arising from the recording of the Cascade final judgment and appellees' claim of judicial privilege. Cascade is a Nevada corporation; the Telegraph gold mine operated by Cascade is located in California; the recording of the final judgment, which allegedly resulted in damage to appellants, took place in California; and the appellees are all residents of California. Utah's only connections to the dispute are that Cascade's corporate offices are in Utah, and Cascade's bankruptcy action was brought in federal court in Utah. In our opinion, the factors favoring the application of California law clearly are the most significant, and the bankruptcy court correctly applied California law.
 
 B.
 
 8
 Under California law, the recording of the final judgment in San Bernardino county was subject to California's absolute judicial privilege, and summary judgment was therefore properly granted. Under Cal. Civ.Code 47(b)(2), "[a] privileged publication or broadcast is one made ... [i]n any ... judicial proceeding." The definition of "privileged publication" under the statute "has been given broad application.... [T]he privilege is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." Silberg v. Anderson, 786 P.2d 365, 368 (Cal.1990) (in bank) (citations omitted). In Albertson v. Raboff, 295 P.2d 405 (Cal.1956) (in bank), the California Supreme Court held:
 
 
 9
 [T]he privilege applies to any publication ... that is required by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked.... If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches.
 
 
 10
 Id. at 409 (citations omitted).
 
 
 11
 Based on the requirements set out in Silberg and Albertson, the privilege clearly applies to the recording of the final judgment in the Cascade action. First, the recording of the judgment was made in a judicial or quasi-judicial proceeding, i.e. the enforcement of an out-of-state judgment. Silberg, 786 P.2d at 369; see also Boston v. Nelson, 278 Cal.Rptr. 386, 388 (Cal.App.1991) (California enforcement action of Hawaii judgment meets requirements of 47(b)(2)). Despite Appellants' contentions, no malicious prosecution claim, under which the privilege would not apply, was alleged. II Aplt.App. 524-33 (Second Amended Complaint). Their ambiguous assertion of a defense to appellees' claim of privilege does not amount to "bringing an action" as required by California malicious prosecution law.
 
 
 12
 Second, appellees who recorded the judgment, and thus made the communication, were litigants in the action, and the communication was made "to achieve the objects of the litigation." Silberg, 786 P.2d at 369. Indeed, the recording of the judgment is the very object of the proceeding itself. Appellants' argument that the improper recording of the judgment makes the action one which was not "permitted by law" under Albertson is unavailing. See Wilton v. Mountain Wood Homeowners Ass'n, 22 Cal.Rptr.2d 471, 474 (Cal.App.1993) (holding that the filing of false and ineffective liens were nonetheless "authorized by law" and privilege applied); see also Adams v. Superior Court, 3 Cal.Rptr.2d 49, 53 (Cal.App.1992) ("Any doubt as to whether the privilege applies is resolved in favor of applying it."). And, finally, the recording had "some connection or logical relation to the action"--it is the necessary action for seeking enforcement of the final judgment in California. Silberg, 786 P.2d at 369.
 
 
 13
 Appellants argue that 47(b)(2) does not apply in this case because "[t]o come within the privilege the appellees must have made the recording in a judicial proceeding ... within the State of California." Aplt. Br. at 29-30. They contend there is no precedent "in which the California privilege statute has been applied to the recording of a foreign judgment which had not first become subject to a legal action within the State of California either by registering it or having it docketed in a court in California." Aplt. Br. at 30. Appellants are mistaken. First, the express language of the statute states no requirement that the privilege only applies to actions which are docketed in California; the statute speaks more generally of "any judicial proceeding." Second, the case law in both California and other jurisdictions shows that the California judicial privilege extends to proceedings outside of California. See Nelson, 278 Cal.Rptr. at 386-87 (holding that 47(b)(2) applied to the recording of a foreign judgment in California); AroChem Int'l, Inc. v. Buirkle, 968 F.2d 266, 269-71 (2d Cir.1992) (holding that action pending in federal court in Connecticut did not preclude application of California judicial privilege to defamatory statements made in California). We hold, as a matter of law, that appellees recording of the Cascade judgment in San Bernardino county was subject to the absolute judicial privilege of Cal. Civ.Code 47(b)(2).
 
 C.
 
 14
 Appellants also contend that the bankruptcy court and the district court erred in dismissing Telegraph's crossclaims in the adversary proceeding that were unrelated to the administration of the bankruptcy estate. The bankruptcy court, however, lacked subject matter jurisdiction to decide collateral matters between third parties to a bankruptcy proceeding. First State Bank & Trust Co. v. Sand Springs State Bank, 528 F.2d 350, 353 (10th Cir.1976). Therefore, those claims not related to the recording of the final judgment were properly dismissed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Appellees moved for summary judgment on Cascade's claims seeking damages for breach of contract; fraud; slander of title; tortious interference with reorganization; and tortious interference with prospective economic gain. III Aplt.App. 1026, 1028